THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR95-0296-JCC |
| Plaintiff, | ORDER |
| v. | |
| THOMAS HOLZBOG, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for compassionate release or a sentence reduction (Dkt. No. 66). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant is a parolee who was sentenced by the United States District Court for the Southern District of California to consecutive ten and twenty-five year sentences for armed bank robbery. (Dkt. No. 66 at 4.)[1] He was sentenced before the Comprehensive Crime Control Act of 1984 eliminated the possibility of parole for federal prisoners. *See Fassler v. U.S. Parole Comm'n.*, 964 F.2d 877, 878 (9th Cir. 1991). As a result, Defendant has been paroled from federal custody on multiple occasions, with the last being on December 22, 2011. (Dkt. No. 69-1 at 2.) According to the United States Parole Commission ("USPC"), Defendant has a mandatory

---

[1] His probation jurisdiction was later transferred to this Court. (Dkt. No. 1); *see U.S. v. Holzbog*, No. CR85-0182-N, Dkt. No. 27 (S.D. Cal. Feb 21, 1995).

release termination date of July 30, 2020.[2] (Dkt. No. 68 at 5.)

Defendant is currently being held at FDC SEATAC awaiting a probable cause interview for two alleged parole violations. (Dkt. Nos. 66 at 7, 68 at 7.) If, based upon the results of the interview, an independent Probation Officer determines that there is probable cause for the alleged violations, a parole revocation hearing will be held. *Morrissey v. Brewer*, 408 U.S. 471, 485–88 (1972) If not, Defendant will be released from BOP custody. *Id.*

Petitioner moves for "'Compassionate Release' or Rule 35B." (Dkt. No. 66 at 9.) He asserts that, regardless of how much time remains on his underlying term, he has "certainly served enough time on this sentence and feels justice has certainly been served." (*Id.* at 10.) He also asserts due process violations associated with USPC's investigation of his alleged parole violations. (*See generally* Dkt. No. 66, 68.)

Under the compassionate release provisions, the Court may reduce a sentence to time served for any defendant sentenced before 1987, but only "upon a motion of the Bureau of Prisons." 18 U.S.C. § 4205(g). That motion must be based upon a showing by an inmate to a warden of "compelling or extraordinary circumstances." 28 C.F.R. § 571.62. That is not what occurred here. Defendant moved this Court directly for compassionate release. There is no basis for the Court to act on such a request.

Similarly, Rule 35(b), upon which Defendant also relies, provides for the reduction of a prisoner's sentence, but only upon a motion *from the Government* indicating that the prisoner "provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b). Again, that is not what happened here, and there is no basis for the Court to act on Defendant's request.

Nor do Defendant's alleged due process violations provide the Court a basis for the relief he seeks. The United States Supreme Court has already held that USPC's process for

---

[2] Defendant alleges that he has only seventeen months remaining on his underlying sentence. (Dkt. No. 66 at 10.)

investigating and adjudicating parole violations satisfies due process. *See* USPC Manual § 2.48–.50; *Morrissey*, 408 U.S. 471, 485–90 (1972). Defendant provides nothing to indicate that his situation has diverged from that process.

For the foregoing reasons, Defendant's motion (Dkt. No. 66) is DENIED.

DATED this 27th day of August 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR95-0296-JCC
PAGE - 3